UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KENOLD ALCENA, DIEUBON DESIMA,
LOUVERDIEU LINDOR, and JEAN SUCCES,

    Plaintiffs,

v.

P-1 SECURITY CORP., and P1 SECURITY SERV, INC,
Florida Profit Corporations, and PEDRO GONZALEZ,
an individual

    Defendants.

_____/

## COMPLAINT

    Plaintiffs, KENOLD ALCENA, DIEUBON DESIMA, LOUVERDIEU LINDOR, and JEAN SUCCES (hereinafter, "ALCENA," "DESIMA," "LINDOR," "SUCCES" and collectively "Plaintiffs"), by and through their undersigned counsel, hereby file this Complaint against Defendants, P-1 SECURITY CORP., P1 SECURITY SERV, INC., and PEDRO GONZALEZ ("P-1 Corp.," "P1 Inc.," "GONZALEZ," and collectively "Defendants") and say:

### JURISDICTION AND VENUE

    1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), Florida Statute § 448.110 (the Florida Minimum Wage Act, hereinafter the "FMWA"), and Florida Common Law.

    2.    This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

    3.    Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendants in this District; because Defendants, at all material times, conducted

1

and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.   All conditions precedent to this action have been performed or waived.

5.   Plaintiffs sent a letter of demand to Defendant P-1 Inc. on December 10, 2019, and to Defendant P-1 Corp. simultaneously as this Complaint is filed, which put Defendants on notice of Plaintiffs' intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

## PARTIES

6.   Plaintiffs are residents of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiffs were employed by Defendants[1] as security officers. Plaintiffs were therefore employees as defined by 29 U.S.C. § 203(e) and were regularly engaged in commerce.

7.   Defendant P1 Inc. is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Miami-Dade County, Florida. Defendant P1 Inc. has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.   Defendant P-1 Corp. is a dissolved Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Miami-Dade County, Florida. Defendant P-1 Corp. has, at

---

[1] At all times material hereto, both P1 Inc. and P-1 Corp. were active Florida Profit Corporations. Plaintiffs' paychecks were issued by P1 Inc., while Plaintiffs' schedule and relevant documents were issued by P-1 Corp. Therefore, based on Plaintiffs' knowledge and belief, they were employed by both P1 Inc. and P-1 Corp.

all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant GONZALEZ owned and operated P1 Inc. at all times material hereto and, upon information and belief, is a resident of Miami-Dade County, Florida. The Florida Department of State Division of Corporations lists GONZALEZ as President of P1 Inc.

10. Defendant GONZALEZ had operational control of significant aspects of P1 Inc.'s day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiffs and the work Plaintiffs performed.

11. Defendant GONZALEZ also had the power to hire and fire employees of P1 Inc., set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant GONZALEZ also had the power to stop any illegal pay practices that harmed Plaintiffs.

12. Defendant GONZALEZ acted and acts directly in the interests of P1 Inc. in relation to its employees and, thus, Defendant GONZALEZ was and is an employer within the meaning of Section 3(d) of the FLSA.

13. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore have employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

15. Defendants, upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilize goods in the flow of commerce across state lines.

16. Plaintiffs were employees covered by the FLSA in that they were employed by Defendants as security officers. They were therefore "employees" under 29 U.S.C. § 203(e).

17. Plaintiffs should have been classified as employees rather than independent contractors throughout their employment because the manner in which they were to perform their work were dictated by Defendants.

## GENERAL ALLEGATIONS

18. Plaintiff ALCENA worked for Defendants as a security officer from September 2018 to September 2019.

19. During ALCENA's employment with Defendants, he worked a 12-hour shift every day for six to seven days every week, and was compensated at an hourly rate of $9.50.

20. From August 19, 2019 through September 11, 2019, ALCENA worked twenty-two (22) shifts in total, but Defendants paid ALCENA nothing, in violation of minimum wage laws.

21. Plaintiff DESIMA worked for Defendants as a security officer from June 2019 through September 2019.

22. During DESIMA's employment with Defendants, he worked a 12-hour shift each day for four to five days every week, and was compensated at an hourly rate of $9.00.

23. From September 3, 2019 to September 13, 2019, DESIMA worked eight (8) shifts in total, but Defendants paid him nothing, in violation of minimum wage laws.

24. Plaintiff LINDOR worked for Defendants as a security officer from April 2019 through September 2019.

25. During LINDOR's employment with Defendants, he worked a 12-hour shift each day for four to five days every week, and was compensated at an hourly rate of $9.00.

26. From August 27, 2019 to September 6, 2019, LINDOR worked seven (7) shifts in total, but Defendants paid him nothing, in violation of minimum wage laws.

27. Plaintiff SUCCES worked for Defendants as a security officer from May 2019 through September 2019.

28. During SUCCES's employment with Defendants, he either worked four 12-hour shifts and a 9-hour shift or five 12-hour shifts every week. SUCCES was compensated at an hourly rate of $9.00.

29. From September 2, 2019 to September 11, 2019, SUCCES worked seven 12-hour shifts and a 9-hour shift, but Defendants paid him nothing, in violation of minimum wage laws.

30. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

31. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party in this Action pursuant to 29 U.S.C. §216(b) and Florida Statute §448.08.

## COUNT I: VIOLATION OF FLSA/OVERTIME

32. Plaintiffs re-allege and re-aver paragraphs 1 – 31 as fully set forth herein.

33. Plaintiffs are employees as defined by the FLSA because Defendants controlled when Plaintiffs worked, the way Plaintiffs performed their services, and virtually every other aspect of the business.

5

34. During Plaintiffs' employment with Defendants, Plaintiff ALCENA worked for approximately seventy-two (72) or eighty-four (84) hours per week, Plaintiff DESIMA and Plaintiff LINDOR worked for approximately forty-eight (48) or sixty (60) hours per week, and Plaintiff SUCCES worked for approximately fifty-seven (57) or sixty (60) hours per week.

35. Defendants paid Plaintiffs straight time and never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] Plaintiffs should have been compensated at a rate of one and a half times their regular rate of pay for every hour over forty which they worked in any given workweek. Defendants' failure to pay Plaintiffs overtime over the course of their employment is a willful violation.

36. Defendants' failure to provide required compensation for all hours worked by Plaintiffs is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

37. Defendants' repeated and intentional failure to provide required compensation for all hours worked by Plaintiffs was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

38. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred economic harm and loss.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint Plaintiffs request judgment for:

    a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 260;

    d.  Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.  Such other relief as the Court deems just and proper.

## COUNT II: VIOLATION OF FLSA/MINIMUM WAGE

39.    Plaintiffs re-allege and re-aver paragraphs 1 – 31, as fully set forth herein.

40.    From August 19, 2019 through September 11, 2019, ALCENA worked twenty-two 12-hour shifts in total, but received no compensation.

41.    From September 3, 2019 to September 13, 2019, DESIMA worked eight 12-hour shifts in total, but received no compensation.

42.    From August 27, 2019 to September 6, 2019, LINDOR worked seven 12-hour shifts in total, but received no compensation.

43.    From September 2, 2019 to September 11, 2019, SUCCES worked seven 12-hour shifts and a 9-hour shift, but received no compensation.

44.    Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

45.    As a direct result of Defendants' willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs request judgment for:

    a. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 260;

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e. Such other relief as the Court deems just and proper.

### COUNT III: VIOLATION OF FMWA/UNPAID WAGES

46. Plaintiffs re-allege and re-aver paragraphs 1 – 31 as fully set forth herein.

47. On December 10, 2019, Plaintiffs sent a Demand to Defendant P1 Inc. for unpaid wages, pursuant to Fla. Stat. §448.08(6)(a), and on December 14, 2019, Defendant GONZALEZ refused to remit payment for Plaintiffs' unpaid compensation.

48. A Demand to Defendant P-1 Corp. for unpaid wages is being sent out simultaneously as this Complaint is being filed.

49. ALCENA was to be compensated at an hourly rate of $9.50, but received no compensation at all for twenty-two 12-hour shifts worked.

50. DESIMA was to be compensated at an hourly rate of $9.00, but received no compensation at all for eight 12-hour shifts worked.

51. LINDOR was to be compensated at an hourly rate of $9.00, but received no compensation at all for seven 12-hour shifts worked.

52. SUCCES was to be compensated at an hourly rate of $9.00, but received no compensation at all for seven 12-hour shifts and a 9-hour shift worked.

WHEREFORE, Plaintiffs request judgment for:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Interest on the amount found due;

c. Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

d. Plaintiffs' cost of suit herein together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. §448.110(6)(c)(1); and

e. Such other relief as the Court deems just and proper.

## COUNT IV – UNPAID WAGES

53. Plaintiffs re-allege and re-aver paragraphs 1 – 31 as fully set forth herein.

54. On December 10, 2019, Plaintiffs sent a Demand to Defendant P1 Inc. for unpaid wages, pursuant to Fla. Stat. §448.08(6)(a), and on December 14, 2019, Defendant GONZALEZ refused to remit payment for Plaintiffs' unpaid compensation.

55. A Demand to Defendant P-1 Corp. for unpaid wages is being sent out simultaneously as this Complaint is being filed.

56. ALCENA was to be compensated at an hourly rate of $9.50, but received no compensation at all for twenty-two 12-hour shifts worked.

57. DESIMA was to be compensated at an hourly rate of $9.00, but received no compensation at all for eight 12-hour shifts worked.

58. LINDOR was to be compensated at an hourly rate of $9.00, but received no compensation at all for seven 12-hour shifts worked.

59. SUCCES was to be compensated at an hourly rate of $9.00, but received no compensation at all for seven 12-hour shifts and a 9-hour shift worked.

WHEREFORE, Plaintiffs request judgment for:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Interest on the amount found due;

c. Plaintiffs' cost of suit herein together with reasonable attorney's fees incurred in this action; and

d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, KENOLD ALCENA, DIEUBON DESIMA, LOUVERDIEU LINDOR, and JEAN SUCCES, hereby demand a trial by jury on all issues and counts so triable contained herein.

Dated: January 6, 2020.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:  /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com