UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20048-CIV-MARTINEZ/AOR

KENOLD ALCENA,
DIEUBON DESIMA,
LOUVERDIEU LINDOR, and
JEAN SUCCES,

    Plaintiffs,

v.

PEDRO GONZALEZ *et al*.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT AS TO DEFENDANT PEDRO GONZALEZ

THIS CAUSE came before the Court for Show Cause Hearing held on December 3, 2020 pursuant to the undersigned's Third Order Setting Show Cause Hearing entered on November 19, 2020 (hereafter, "Third Hearing Order") [D.E. 24] on Plaintiffs Kenold Alcena, Dieubon Desima, Louverdieu Lindor, and Jean Succes' (collectively, "Plaintiffs") Motion for Order to Show Cause [D.E. 16]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 17]. For the reasons stated below, the undersigned respectfully recommends that Defendant Pedro Gonzalez ("Mr. Gonzalez") be held in contempt of court based upon his failure to comply with the Third Hearing Order directing him to appear by telephone at the December 3, 2020 Show Cause Hearing; and that a fine of $100 per day be imposed upon Mr. Gonzalez until he purges himself of the contempt.

## I.     CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e), the undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and which are certified to the District Court as establishing contempt of court.[1]

1.     On June 12, 2020, the Court entered a Final Default Judgment against Defendants P-1 Security Corp., P1 Security Serv, Inc., and Mr. Gonzalez in the amount of $38,228 [D.E. 14]. On July 29, 2020, Plaintiffs scheduled a deposition of Mr. Gonzalez, the registered agent and president of P1 Security Serv, Inc., in aid of execution of the judgment. See Motion for Order to Show Cause [D.E. 16 ¶ 3]. The Notice of Taking Deposition in Aid of Execution was sent to Mr. Gonzalez via regular mail at 9126 NW 181 St., Hialeah, FL 33018 (hereafter, "Hialeah Address") on the same day and via email at patrolservicess@yahoo.com on July 30, 2020. Id.; Ex. A. to Motion for Order to Show Cause [D.E. 16-1 at 3]. On August 18, 2020, when the deposition of Mr. Gonzalez was scheduled to take place, Mr. Gonzalez failed appear. See Motion for Order to Show Cause [D.E. 16 ¶ 4]. As a result, Plaintiffs filed the Motion for Order to Show Cause requesting that the Court order Mr. Gonzalez to explain why he should not be held in contempt for failing to appear at his deposition.

2.     On September 24, 2020, the undersigned issued an Order Setting Show Cause Hearing Why Defendant Pedro Gonzalez Should not be Held in Contempt of Court (hereafter, "First Hearing Order") setting a telephonic hearing on the Motion for Order to Show Cause for October 8, 2020; commanding Mr. Gonzalez to appear at the telephonic hearing; and instructing Plaintiffs to effectuate service of the First Hearing Order upon Mr. Gonzalez by process server and to file proof of such service by October 6, 2020. See First Hearing Order [D.E. 19].

---

[1] The facts are established by the record and by the representations of Plaintiff's counsel at the October 8, 2020, November 18, 2020, and December 3, 2020 Show Cause Hearings.

3. On October 7, 2020, Plaintiffs notified the Court that:

> Plaintiffs' attempts to serve [Mr.] Gonzalez personally have not been successful and based on the feedback from the process server, Plaintiff[s] suspect[] that [Mr.] Gonzalez is actively evading service.
>
> According to sunbiz.org, the address Plaintiff used to obtain personal service of [Mr.] Gonzalez, [the Hialeah Address], is correct and current.
>
> The undersigned office has been serving documents on [Mr.] Gonzalez at the aforementioned address via regular mail and email. None of the mails have been rejected.

See Notice [D.E. 20 ¶¶ 4-6] (citations omitted). Mr. Gonzalez failed to appear at the October 8, 2020 Show Cause Hearing.

4. On October 8, 2020, the undersigned issued a Second Order Setting Show Cause Hearing Why Defendant Pedro Gonzalez Should not be Held in Contempt of Court (hereafter, "Second Hearing Order") setting a telephonic hearing on the Motion for Order to Show Cause for November 18, 2020; commanding Mr. Gonzalez to appear at the telephonic hearing; and instructing Plaintiffs to effectuate service of the Second Hearing Order upon Mr. Gonzalez by process server and to file proof of such service by November 16, 2020. See Second Hearing Order [D.E. 22]. Mr. Gonzalez failed to appear at the November 18, 2020 Show Cause Hearing.

5. At the November 18, 2020 Show Cause Hearing, Plaintiffs' counsel informed the undersigned that he had been advised by the process server that further attempts to serve Mr. Gonzalez at the Hialeah Address would be futile because Mr. Gonzalez was evading service. Plaintiffs' counsel also stated that he believed the email address patrolservicess@gmail.com, which is the email address for P1 Security Serv. Inc., is active.

6. On November 19, 2020, the undersigned issued the Third Hearing Order: setting a telephonic hearing on the Motion for Order to Show Cause for December 3, 2020; commanding Mr. Gonzalez to appear at the telephonic hearing to show cause why the Motion for Order to Show

Cause should not be granted and why he should not be held in contempt of court for failing to appear for his deposition; and finding that mailing the Third Hearing Order via U.S. Mail to the Hialeah Address and emailing same to patrolservicess@gmail.com would constitute proper service upon Mr. Gonzalez in light of Plaintiffs' prior unsuccessful attempts to effectuate service upon him and Plaintiffs' counsel's representations that Mr. Gonzalez appeared to be evading service and that the Hialeah Address and email address patrolservicess@gmail.com appeared to be active and valid.  See Third Hearing Order [D.E. 24 at 3].

7. Also on November 19, 2020, the undersigned's law clerk filed a Notice of Filing Proof of Email Service confirming email delivery of the Third Hearing Order to Mr. Gonzalez at patrolservicess@gmail.com [D.E. 25].

8. Mr. Gonzalez failed to appear at the December 3, 2020 Show Cause Hearing notwithstanding the Court's mailing of the Third Hearing Order to the Hialeah Address and emailing same to patrolservicess@gmail.com, which sufficiently placed him on notice of the December 3, 2020 Show Cause Hearing.

## **FINDINGS**

Based on the foregoing Certified Facts, the undersigned finds, by clear and convincing evidence, that Mr. Gonzalez had notice of the undersigned's Third Hearing Order and that Mr. Gonzalez failed to appear at the December 3, 2020 Show Cause Hearing as required.

The District Court's power to find Mr. Gonzalez in civil contempt for disobeying the Court's Order stems from the Court's inherent power to enforce compliance with its lawful orders. See United States v. Barnette, 129 F.3d 1179, 1182 n.7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991)).  Under the circumstances of this case, the undersigned finds that the only way to obtain compliance with this Court's Order is to

find Mr. Gonzalez in civil contempt, and to impose upon him a fine of $100 per day until he purges himself of the contempt.

## **RECOMMENDATION**

Based on the foregoing factual findings and legal authorities, the undersigned RESPECTFULLY RECOMMENDS that Plaintiffs' Motion for Order to Show Cause [D.E. 16] be GRANTED.

The undersigned further RECOMMENDS that the District Court: (1) enter an Order holding Mr. Gonzalez in civil contempt for failing to appear by telephone at the December 3, 2020 Show Cause Hearing; and (2) impose upon Mr. Gonzalez a fine of $100 per day until he purges himself of the contempt.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Jose E. Martinez, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at Miami, Florida, this 4th day of December, 2020.

                                                          ALICIA M. OTAZO-REYES
                                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by U.S. mail to:

Mr. Gonzalez
9126 NW 181 St.
Hialeah, FL 33018

Copies furnished by e-mail to:

Mr. Gonzalez (patrolservicess@gmail.com)